GLICKSTEIN, Judge,
dissenting.
I choose to discuss only appellant’s first point, as the second point calls attention to harmless error, if any. I would reverse on the first point, and vacate the trial court’s order which vacated and set aside the defendant’s conviction for murder in the first degree because of ineffective assistance of counsel.
Having called on a prestigious medical expert for advice, and having been told the record supported the cause of death stated on the death certificate, defendant’s attorney conducted himself reasonably when he did not go shopping for experts who would disagree.
Moreover, even if there was medical malpractice that resulted in the victim’s death, the actions of the surgeons in this case were in response to or the result of injury from the criminal attack on the victim, and therefore are not in criminal law a superseding cause of death.
The trial court misperceived the essential requirements of law that should have guided its decision. Even if defense counsel *529 had found, and produced at trial, witnesses who would have shown the surgeons had committed medical malpractice, this would not legally have affected the defendant’s culpability for the death of his wife.
In their arguments the parties to the appeal both seem merely to skim over the fact that in its order the court indicated there were other grounds, besides the inadequate investigation of possible medical malpractice, adequate to find the representation constitutionally deficient. These are, with one exception, purported flaws in the conduct of the defense merely mentioned by said attorney in his testimony, without any showing that a reasonably competent criminal defense counsel might not do likewise.
On only one of the attorney-witness’ points was there also other testimony; namely, the matter of the fence around the grounds where the injured Mrs. Arner was found. The superintendent of the grounds could have testified at trial that the fence was erected after the battery of Mrs. Ar-ner, but said at the hearing he had never before been approached to testify on the subject. Defense counsel’s lack of knowledge that such a fence had been installed subsequently to the offense does not in itself show a constitutionally deficient defense.
It cannot be said that every defense counsel must personally examine the site of the offense with which his client is charged; and one wonders whether it was not the defendant’s responsibility to tell his counsel at the time the jury was presented with the fence information that he knew for a fact there was no such fence at times pertinent. He may have done so, and counsel could reasonably have concluded the issue was not important enough to pursue further.